IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MEMPHIS PUBLISHING CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04 CV 2620 B/P |
| | ) | |
| NEWSPAPER GUILD OF MEMPHIS, LOCAL 33091, | ) ) | |
| | ) | |
| Defendant. | | |

ORDER DENYING PLAINTIFF'S MOTION TO HAVE ITS FIRST REQUEST FOR
ADMISSIONS DEEMED ADMITTED AND
GRANTING DEFENDANT'S MOTION TO AMEND

Before the court is plaintiff Memphis Publishing Company d/b/a The Commercial Appeal's ("MPC") Motion to Have its First Request for Admissions of Newspaper Guild of Memphis, Local 33091 Deemed Admitted, filed May 19, 2005 (dkt #34). On June 2, 2005, defendant Newspaper Guild of Memphis, Local 33091 ("NGM") filed its response, styled Opposition to Plaintiff's Motion to Deem First Requests for Admissions Deemed Admitted or, Alternatively, Motion to Amend or Withdraw Its Admissions (dkt #36). For the reasons below, plaintiff's motion is DENIED. Defendant's motion to amend is GRANTED.

I. BACKGROUND

On February 19, 2005, plaintiff served the defendant with Plaintiff's First Requests for Admissions, Plaintiff's First Set of

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-22-05

Interrogatories, and Plaintiff's First Request for Production of Documents. On March 22, 2005, plaintiff received a box of documents from the defendant. Plaintiff claims that the box contained various documents, none of which were responsive to any of plaintiff's discovery requests, including the requests for admissions. Defendant contends, however, that the box sent to the plaintiff on March 22 did, in fact, contain the defendant's discovery responses and responses to the requests for admissions. Both parties, as part of the present motion, have filed affidavits in support of their respective positions.

On April 18, 2005, plaintiff sent the defendant a letter requesting that defendant respond to the discovery requests. On that same date, the defendant sent to the plaintiff via facsimile (and followed up via overnight delivery) responses to all discovery requests. Plaintiff contends that the cover letter contained in the box of documents received on March 22 was different from the letter faxed to the plaintiff on April 18. In its response, the defendant asserts that the discovery box sent on March 22 contained two letters, both dated March 21. As set forth in the attached affidavits, the first letter made reference to the formal written discovery responses, and the second letter made reference to the other discovery requests.

## II. ANALYSIS

As a threshold matter, it is unclear whether the box of documents sent to the plaintiffs on March 22 contained the

responses to plaintiff's requests for admissions and other discovery requests. However, even assuming that the box did not contain the responses, based on the court's review of the record, including the competing affidavits filed by the parties, the court concludes that any omission was, at most, inadvertent.

Rule 36(a) provides that a "matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves" a written answer or objection upon the requesting party. Pursuant to Rule 36(b), "any matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). The Rule further explains that the court may permit withdrawal or amendment "when the presentation of the merits will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Id.; see also Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 154 (6th Cir. 1997); Dynasty Apparel Indus. v. Rentz, 206 F.R.D. 596, 601-02 (S.D. Ohio 2001); Herrin v. Blackman, 89 F.R.D. 622, 624 (W.D. Tenn. 1981). The prejudice that the party who obtained the admission must show "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." American Auto Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1120 (5th Cir. 1991).

The first prong is satisfied when the admissions would "practically eliminate" the presentation of the contested issue by the parties. See Lovejoy v. Owens, No. 94-4224, 1996 WL 287261, at *2 (6th Cir. May 28, 1996). Based upon the court's review of the requests for admissions, there are several contested issues, and allowing the defaulted admissions to stand would result in eliminating the presentation of these contested issues. This prong, therefore, is satisfied.

The second prong is only satisfied, however, if the plaintiff can show that it would suffer prejudice in the event the court allowed the defendant to amend or withdraw the admissions. Nothing in the record before the court sufficiently demonstrates that plaintiff would be prejudiced by amendment of the admissions. Because the plaintiff has not satisfied the second prong of the Rule 36 analysis, the court DENIES plaintiff's motion and GRANTS defendant's motion.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

June 22, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 44 in case 2:04-CV-02620 was distributed by fax, mail, or direct printing on June 22, 2005 to the parties listed.

---

Samuel Morris
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Barbara Camens
BARR & CAMENS
1025 Connecticut Avenue
Suite 712
Washington, DC 20036

Glenn E. Plosa
THE ZINSER LAW FIRM
150 Second Ave.,N.
Ste. 410
Memphis, TN 37201

L. Michael Zinser
THE ZINSER LAW FIRM
150 Second Ave., N.
Ste. 410
Nashville, TN 37201

Honorable J. Breen
US DISTRICT COURT