IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN 22 PM 4: 35

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| MEMPHIS PUBLISHING CO., | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | No. 04-4620 B/P |
|  | ) |  |
| NEWSPAPER GUILD OF MEMPHIS, LOCAL 33091, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

### ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff Memphis Publishing Company's Motion to Amend Complaint, or, in the Alternative, Stay Arbitration Pending Lawsuit, filed on May 19, 2005 (dkt #32).[1] Defendant Newspaper Guild of Memphis Local 33091 filed its response on June 2. The motion was referred to the Magistrate Judge for determination and/or report and recommendation.[2] For the following reasons, the motion to amend complaint is GRANTED.

---

[1] With respect to the uncontested Motion to Expedite Determination on Plaintiff's Motion to Amend Complaint, or, in the Alternative, Stay Arbitration Pending Lawsuit (dkt #40), that Motion is GRANTED.

[2] A motion to amend complaint is nondispositive, and therefore, the Court will treat this motion as one for determination. Lyondell-Citgo Refining, L.P. v. Petroleos De Venezuela, S.A., No. 02-0975, 2005 WL 883485, at *3 (S.D.N.Y. Apr 14, 2005)(citing cases).

Memphis Publishing Company ("MPC") and Newspaper Guild of Memphis Local 33091 ("Guild") entered a collective bargaining agreement, which included a mandatory arbitration requirement for all grievances. Pursuant to that agreement, the Guild filed four demands for arbitration between January 11 and August 4, 2004, based on four unrelated grievances. MPC contends it does not have to arbitrate these four grievances, and it filed this declaratory action, seeking a judgment declaring that the agreement expired on January 10, 2004. The Guild argues that the agreement still applies based on an evergreen clause, which provides for an automatic extension of the agreement.

On March 1, 2005, the Guild filed another demand for arbitration with the American Arbitration Association on a fifth grievance. In the present motion, MPC seeks to include this new demand for arbitration in its complaint. Alternatively, MPC wants the Court to stay arbitration pending this lawsuit. The Guild argues that the Court should not permit MPC to amend its complaint because MPC unduly delayed filing its motion to amend and the Guild would incur substantial, undue prejudice. With respect to staying the arbitration, the Guild argues that this Court lacks jurisdiction to stay arbitration, that the Norris-LaGuardia Act prohibits this Court from staying the arbitration, and that MPC has not established the four factors applied in <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1986), which help a court determine a party's

-2-

right to an injunction.

Federal Rule of Civil Procedure 15 states that amendments "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The rule "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings,'" Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986)(quoting Tefft v. Seward, 689 F.2d 637, 639 (6th Cir. 1982)), and therefore assumes "a liberal policy of permitting amendments." Ellison v. Ford Motor Co., 847 F.2d 297, 300 (6th Cir. 1988).

Nevertheless, a court may deny a motion to amend when there has been undue delay by the moving party or when the opposing party will incur substantial prejudice if the amendment is granted. See Foman v. Davis, 371 U.S. 178, 182 (1962). Defendants accurately state that the moving party must have acted with due diligence. Parry v. Mohawk Motors, 236 F.3d 299, 306 (6th Cir. 2000). Additionally, the Court recognizes that if the motion is brought at a late stage in litigation, there is an increased burden on the movant to show why the motion was not brought earlier. See Bridgeport Music v. Dimension Films, 383 F.3d 390, 402 (6th Cir. 2004)(citing Wade v. Knoxville Utilities Bd., 259 F.3d 452, 459 (6th Cir. 2001)).

This Court finds that MPC did not unduly delay the filing of this motion. Unlike the plaintiff in Parry, MPC did not wait until two months after the court granted summary judgment for the

defendant to file the motion. Parry, 236 F.3d at 306. Moreover, the fifth demand for arbitration was filed on March 1, 2005. Although it appears that MPC could have filed this motion prior to May 19, the Court finds that this period of delay does not constitute undue delay.

Defendants also argue that they would incur substantial prejudice if the Court were to allow this amendment. The deadline for discovery was June 16, and Defendants argue that it would be unfair to permit MPC to amend the complaint without allowing the Guild to conduct discovery on the amendment. This prejudice can be minimized, if not eliminated, by extending the discovery deadline. The Court notes that it does not anticipate that this amendment will create substantial additional discovery because MPC is not bringing a new claim that is "quite different from . . . the claim that was before the court." See Duggins v. Morganroth & Morganroth, 195 F.3d 828, 834 (6th Cir. 1999). In fact, the addition of one grievance does not change MPC's claim that the collective bargaining agreement expired on January 10, 2004. Therefore, the Court finds that MPC should be permitted to amend its complaint to add this additional grievance, and finds good cause to amend the scheduling order to permit discovery on the limited issues raised by this amendment.[3]

---

[3]Because the Court will permit this amendment, it need not reach the issue of whether the arbitration should be stayed.

-4-


Accordingly, MPC's Motion to Amend Complaint is GRANTED. MPC shall file an amended complaint with the Clerk of Court within three (3) days from the date of this order. Additionally, the Court shall extend the discovery deadline to August 1, 2005 and the dispositive motion deadline to September 1, 2005. All other dates, including the trial date, shall remain the same.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

June 22, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 45 in case 2:04-CV-02620 was distributed by fax, mail, or direct printing on June 23, 2005 to the parties listed.

---

L. Michael Zinser
THE ZINSER LAW FIRM
150 Second Ave., N.
Ste. 410
Nashville, TN 37201

Glenn E. Plosa
THE ZINSER LAW FIRM
150 Second Ave.,N.
Ste. 410
Memphis, TN 37201

Samuel Morris
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Barbara Camens
BARR & CAMENS
1025 Connecticut Avenue
Suite 712
Washington, DC 20036

Honorable J. Breen
US DISTRICT COURT