IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MEMPHIS PUBLISHING CO., )
)
      Plaintiff, )
)
vs. )
)
NEWSPAPER GUILD OF MEMPHIS, )    No. 04-2620 B/P
LOCAL 33091, )
)
      Defendant. )
)

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE
## PORTIONS OF AMENDED COMPLAINT

Before the court is defendant Newspaper Guild of Memphis, Local 33091's (the "Guild") Motion to Strike Portions of Amended Complaint, filed June 30, 2005 (dkt #51).[1] The plaintiff, Memphis Publishing Company d/b/a The Commercial Appeal ("MPC") filed its response on July 12, 2005. The Guild filed a reply on July 19, 2005. For the reasons below, the motion is GRANTED.

On May 19, 2005, MPC filed a Motion to Amend Complaint, or, in the Alternate, to Stay Arbitration Pending Lawsuit. In the motion, MPC sought to amend its complaint to include one grievance submitted on March 1, 2005 to the American Arbitration Association

---

[1] On July 12, 2005, the Guild also filed a Motion to Dismiss, In Part, MPC's Amended Complaint (dkt #62). The arguments raised in the Guild's partial motion to dismiss are identical to the arguments contained in the motion to strike.

("AAA") for arbitration. This March 1 grievance involved the Reduction In Force of eight Guild-represented employees. MPC sought leave of court to add paragraph 20A, which sets forth the allegations regarding this March 1 grievance. The Guild filed a response in opposition to the motion to amend.

On May 26, 2005, approximately one week after MPC filed its motion to amend, the Guild filed three separate demands for arbitration with the AAA: a union discrimination grievance related to a management official's order to a Guild-represented employee to remove a Guild t-shirt from his chair; a grievance related to the reduction of hours and compensation benefits of part-time Guild-represented employees; and a grievance related to the discipline of Guild-represented employees for alleged violations of MPC's attendance policy. At no time did MPC supplement its motion to amend to include these May 26 grievances.

On June 22, 2005, the court granted MPC's motion to amend, and allowed MPC to amend its complaint to add the March 1 grievance. On June 27, 2005, MPC filed its amended complaint with the clerk's office and included not only the March 1 grievance, but also the three May 26 grievances.

The court finds that the amended complaint filed by MPC clearly exceeds the scope of this court's June 22 order granting leave to amend. The three May 26 grievances were never brought to the court's attention, nor did MPC advise the Guild that it was

seeking to include the May 26 grievances in its motion to amend. The Guild was not given an opportunity to be heard on this issue. MPC should not have unilaterally filed an amended complaint without prior authorization from the court.

Moreover, as made apparent to the court at the August 2, 2005 evidentiary hearing on MPC's motion to stay arbitration, whether or not these May 26 grievances are added to the complaint will have no bearing on the merits of this lawsuit. The issue that will be presented to the court at the trial relates to whether the parties' collective bargaining agreement ("CBA") expired on January 11, 2004 (as MPC alleges), or whether the evergreen provision extends the CBA until such time that the parties enter into a new CBA (as the Guild contends). Of course, the resolution of this dispute will have an impact on whether the May 26 grievances will be subjected to mandatory arbitration under the CBA, but the same would be true even if the May 26 grievances are not added to the complaint. In other words, the court's final judgment on this declaratory action will affect the May 26 grievances - and for that matter any additional grievances that may be filed in the future - even if these grievances are not part of the complaint. Furthermore, as the parties stated at the August 2 hearing, their discovery in this case has been limited almost exclusively to the issues surrounding the evergreen clause, which is a further indication that the parties do not intend to present much, if any, proof on the merits

of any of the grievances (other than the evergreen issue and the Guild's counterclaim).

For these reasons, the motion to strike portions of the amended complaint that relate to the May 26 grievances is GRANTED.

IT IS SO ORDERED.

/s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 11, 2005
Date

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 78 in case 2:04-CV-02620 was distributed by fax, mail, or direct printing on August 12, 2005 to the parties listed.

---

Samuel Morris
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

L. Michael Zinser
THE ZINSER LAW FIRM
150 Second Ave., N.
Ste. 410
Nashville, TN 37201

Barbara Camens
BARR & CAMENS
1025 Connecticut Avenue
Suite 712
Washington, DC 20036

Glenn E. Plosa
THE ZINSER LAW FIRM
150 Second Ave.,N.
Ste. 410
Memphis, TN 37201

Honorable J. Breen
US DISTRICT COURT