IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV 30 AM 4: 12

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

MEMPHIS PUBLISHING CO.,            )
                                   )
        Plaintiff,                 )
                                   )
vs.                                )        No. **04-2620 B/P**
                                   )
NEWSPAPER GUILD OF MEMPHIS,        )
LOCAL 33091,                       )
                                   )
        Defendant.                 )

---

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE

Before the court is Plaintiff Memphis Publishing Company's Motion to Strike Supplemental Statement of Undisputed Facts in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Motion for Summary Judgment and Portions of Michael Burrell's Affidavit, filed on October 6, 2005 (dkt #107). Defendant Newspaper Guild of Memphis Local 33091 filed its response on October 17.  On October 18, the motion was referred to the Magistrate Judge for determination.  For the following reasons, the motion is GRANTED in part and DENIED in part.

### I. BACKGROUND

On December 5, 2000, Memphis Publishing Company ("MPC") and Newspaper Guild of Memphis Local 33091 ("the Guild") entered into a collective bargaining agreement ("CBA") that includes a mandatory

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 12-1-05



arbitration requirement for all grievances.   The CBA was to be effective for a four-year period between January 11, 2000 and January 10, 2004.   The agreement also includes an "evergreen clause," which states that "[w]ithin sixty 60 days prior to the termination of this Agreement, the Publisher or the Guild may initiate negotiations for a new Agreement.   The terms and conditions of the Agreement shall remain in effect during such negotiations."

Pursuant to the CBA, the Guild filed five demands for arbitration between January 11 and March 1, 2005, based on five unrelated grievances.   MPC contends that it does not have to arbitrate these five grievances, and filed this declaratory action, seeking a judgment declaring that the agreement expired on January 10, 2004.   The Guild argues that the evergreen clause, which provides for an automatic extension of the agreement, renders the CBA operative until a new agreement has been reached.

On September 1, 2005, the parties filed dueling motions for summary judgment.   In its motion for summary judgment, MPC raised a defense that Article XVI of the parties' CBA makes the evergreen grievance non-arbitrable.[1]   In response to this defense, the Guild filed a Supplemental Statement of Undisputed Facts in Opposition to Plaintiff's Motion for Summary Judgment and in Support of

---

[1]MPC points specifically to the "renewal clause" in Article XVI, ¶ 2 of the CBA, which states: "Renewal of this Agreement shall not be a proper subject of the arbitration agreement."

Defendant's Motion for Summary Judgment and an affidavit of Michael Burrell, International Representative of the Guild.

In the present motion, MPC asks the court to strike the Guild's Supplemental Statement of Undisputed Facts and the Burrell affidavit. MPC argues that by filing the supplemental statement without first receiving permission from the court, the Guild has not complied with the Local Rules. MPC argues further that the Burrell affidavit should be disregarded because its contents are irrelevant, Burrell lacks personal knowledge of the information that he states, and the affidavit contains hearsay. The Guild contends that its supplemental statement is necessary to respond to unanticipated legal issues raised by MPC in its motion for summary judgment.

II. ANALYSIS

**A.   Supplemental Statement of Undisputed Facts**

As an initial matter, the court notes that both the Federal Rules of Civil Procedure and the Local Rules are silent as to whether a party may file a supplemental statement of undisputed facts after its initial motion for summary judgment. See Fed. R. Civ. P. 56 (setting forth requirements for summary judgment motions); L.R. 7.2(d) (same). Such filings have been met with mixed reaction by federal courts. Compare Currier Buildings, Inc. v. Town of York, No. 01-68, 2002 WL 1146773, at *5 (D. Me. May 30, 2002) (unpublished) (granting motion to strike supplemental

-3-

statement of undisputed fact for offeror's failure to seek leave), and <u>Rathje v. Scotia Prince Cruises</u>, No. 01-123, 2001 U.S. Dist. LEXIS 21266, at *7 (D. Me. Dec. 20, 2001) (same), <u>and</u> <u>Viero v. Bufano</u>, 925 F.Supp. 1374, 1379-81 (N.D. Ill. 1996) (disregarding supplemental statement of facts), <u>with</u> <u>Jones v. R. R. Donnelley & Sons Co.</u>, No. 96-C-7717, 1999 WL 33257839, at *3 (N.D. Ill. Feb. 11, 1999) (unpublished) (recommending that motion to strike be denied, as "supplemental affidavit and appendix . . . responds to matters placed in issue by the Plaintiffs in opposition to the Defendant's Partial Summary Judgment Motion"), <u>and Baugh v. City of Milwaukee</u>, 823 F.Supp. 1452, 1456-57 (E.D. Wis. 1993) (denying motion to strike supplemental affidavit that provided basis for reply brief).

Although some courts have held that new factual assertions raised in a reply brief supporting a motion for summary judgment should be disregarded in the absence of a request for leave, <u>see</u> <u>Currier Builders</u>, 2002 WL 1146773 at *5, this court agrees with the approach taken by the <u>Baugh</u> court.[2]  In <u>Baugh</u>, the district court distinguished between reply filings that raise new evidence and reply filings that provide evidence to respond to an argument

---

[2]The court notes that <u>Baugh</u> differs slightly from the present case, as the pertinent local rules in <u>Baugh</u> expressly permitted reply briefs to be filed in summary judgment motions, but was silent as to whether accompanying affidavits may also be filed in reply.  Because this court has permitted reply briefs to be filed in summary judgment motions despite the Local Rules' silence on their propriety, this distinction is not dispositive.

raised by the opposing party in its motion for summary judgment:

> Where new evidence is presented in either a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion . . . or else strike that new evidence. But, where the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers – both briefs and affidavits – may properly address those issues.

Baugh, 823 F.Supp. at 1457.

This case presents the latter situation.  The supplemental statement of undisputed facts and accompanying affidavit do not provide evidence for a new basis for summary judgment on behalf of the Guild.  Rather, they are offered to rebut defenses raised in MPC's motion for summary judgment.  See Viero, 925 F.Supp. at 1380 ("[I]f [plaintiff] has raised an issue not dealt with by defendants in their initial filing, it is appropriate for defendants to support their final response with properly admissible evidence.").

The court concludes that the appropriate response to the Guild's supplemental filing is to deny MPC's motion to strike and allow the district court to consider the supplemental statement of undisputed facts in its determination of the parties' motions for summary judgment.  The court notes that the Guild did not seek leave of court, but given this case's looming trial date of February 27, 2006, the interests of judicial economy are better served by excusing the Guild's failure to seek leave rather than granting MPC's motion without prejudice, only to have the parties

resubmit their same briefs.[3]  Thus, the filing is accepted, and the court DENIES MPC's motion to strike with respect to the supplemental statement of undisputed facts.

## B.    Affidavit of Michael Burrell

Because the court will permit the Guild's supplemental statement of undisputed facts to be considered by the district court, the court now considers the evidentiary source of the supplemental statement. See Baugh, 823 F.Supp. at 1456 ("It seems absurd to say that reply briefs are allowed but that a party is proscribed from backing up its arguments in reply with the necessary evidentiary material.").  MPC argues that paragraphs 9 and 10 of the Burrell affidavit must be excluded because they contain material that is hearsay, irrelevant, and not based on personal knowledge.

In paragraphs 9 and 10 of his affidavit, Burrell states the following:

> 9. It was the longstanding and open policy of TNG [The Newspaper Guild-CWA, AFL-CIO] to prohibit interest arbitration in TNG contracts.  The TNG Constitution, in addressing collective bargaining on the part of TNG locals, for decades included a constitutional provision that expressly stated that no collective bargaining agreement "shall provide for renewal by arbitration." Based on my experience, TNG has always stated that the purpose of that constitutional provision was to prevent TNG locals from negotiating contract provisions that permit interest arbitration.

_____

[3]A Joint Motion to Postpone the Pre-Trial Conference and Trial was filed on October 27, 2005, and was granted on November 1, 2005.

> 10. The TNG Collective Bargaining Program also long
> contained "model contract" language regarding grievance
> arbitration, which language similarly excluded from
> arbitration "the renewal of this contract." Based on my
> experience, TNG has always stated that the purpose of
> the model contract language – which precludes "contract
> renewal" by arbitration – was to prevent interest
> arbitration, consistent with the TNG constitutional
> provision on interest arbitration.

(Burrell Aff. at ¶ 9-10).

Federal Rule of Civil Procedure 56(e) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Thus, an affidavit filed in support of a motion for summary judgment is subject to the restrictions of the Federal Rules of Evidence, and should not be considered if it is otherwise inadmissible.

The court finds that the Burrell affidavit is relevant and based on personal knowledge. Burrell has served as an International Representative for the Guild since 1994, and has been involved with bargaining and enforcing Guild contracts that are negotiated with employers. (Burrell Aff. at ¶ 2-3). As part of his employment with the Guild, Burrell assisted in negotiations with the MPC in 1999 and served as chief negotiator for the Guild in its most recent CBA between the parties, which includes the evergreen clause that is contested in this case. (Burrell Aff. at

-7-

¶ 3-4). Burrell, therefore, has personal knowledge of the Guild's intentions in negotiating and signing the current CBA, including its interpretation of the renewal and evergreen clauses at issue. Burrell's affidavit is both relevant and based on personal knowledge.

Portions of Burrell's affidavit, however, do contain hearsay. In paragraph 9, Burrell states: "TNG has always stated that the purpose of that constitutional provision was to prevent TNG locals from negotiating contract provisions that permit interest arbitration." The Guild argues that this phrase is not offered for the truth of the matter asserted, but rather for the fact that such a purpose was in fact articulated by the Guild. The court disagrees. The Guild is offering Burrell's affidavit to support its argument that the renewal clause does not apply to the evergreen clause in dispute. The importance of the above quote is not that TNG has in fact made the statement, but rather TNG's interpretation of the provision at issue. Thus, the statement is being offered for the truth of the matter asserted and is properly considered hearsay. The court GRANTS MPC's motion to strike with respect to this particular statement.

Likewise, the following statement in Burrell's Affidavit also contains hearsay: "Based on my experience, TNG has always stated that the purpose of the model contract language – which precludes 'contract renewal' by arbitration – was to preclude interest

arbitration, consistent with the TNG constitutional prohibition on interest arbitration." Again, this statement is being offered to prove the meaning of the renewal clause. Thus, the court GRANTS MPC's motion to strike with respect to this particular statement.

### III. CONCLUSION

For the reasons above, Plaintiff's Motion to Strike Supplemental Statement of Undisputed Facts in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Motion for Summary Judgment and Portions of Michael Burrell's Affidavit is GRANTED with respect to the statements previously identified as hearsay in paragraphs 9 and 10 in Burrell's Affidavit. Plaintiff's Motion is DENIED with respect to the supplemental statement of undisputed facts and the portions of Burrell's Affidavit not previously identified as containing hearsay statements.

MPC may file a statement disputing the facts in the Guild's supplemental statement within eleven (11) days from the date of this order.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

November 30, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 118 in case 2:04-CV-02620 was distributed by fax, mail, or direct printing on December 1, 2005 to the parties listed.

---

L. Michael Zinser
THE ZINSER LAW FIRM
150 Second Ave., N.
Ste. 410
Nashville, TN 37201

Glenn E. Plosa
THE ZINSER LAW FIRM
150 Second Ave.,N.
Ste. 410
Memphis, TN 37201

Samuel Morris
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Barbara Camens
BARR & CAMENS
1025 Connecticut Avenue
Suite 712
Washington, DC 20036

Honorable J. Breen
US DISTRICT COURT