IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MEMPHIS PUBLISHING CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. <u>04-2620 B/P</u> |
| | ) | |
| NEWSPAPER GUILD OF MEMPHIS, LOCAL 33091, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AMENDING NOVEMBER 30 ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO STRIKE**

On September 1, 2005, the parties filed dueling motions for summary judgment. On September 30, in response to a defense raised by the Memphis Publishing Company ("MPC") in its memorandum in support of its motion for summary judgment, the Newspaper Guild of Memphis ("the Guild") filed a Supplemental Statement of Undisputed Facts in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Motion for Summary Judgment ("supplemental statement") and an affidavit of Michael Burrell, International Representative of the Guild. MPC moved to strike the Guild's supplemental statement and Burrell affidavit on October 6. On November 30, the court granted MPC's motion to strike in part.

In particular, the court excluded as hearsay only two specific sentences in Burrell's affidavit. The court excluded as hearsay

Burrell's statement in paragraph 9 of his affidavit that "TNG has always stated that the purpose of that constitutional provision was to prevent TNG locals from negotiating contract provisions that permit interest arbitration." The court also excluded as hearsay the following statement in paragraph 10 of Burrell's affidavit: "Based on my experience, TNG has always stated that the purpose of the model contract language – which precludes 'contract renewal' by arbitration – was to preclude interest arbitration, consistent with the TNG constitutional prohibition on interest arbitration." Other than these two sentences, the court did not strike any part of paragraphs 9 or 10 of the affidavit. The court did not address paragraphs 28 and 29 of the supplemental statement.

On December 12, MPC filed objections to the November 30 order with the district judge. MPC also sought clarification of the November 30 order with respect to paragraphs 28 and 29 of the supplemental statement. MPC believes that because paragraphs 28 and 29 of the supplemental statement are based upon paragraphs 9 and 10 of the affidavit and the court excluded the two hearsay statements in paragraphs 9 and 10 of Burrell's affidavit, "[p]aragraphs 28 and 29 of the [s]upplemental [s]tatement should, at minimum, be stricken as well." (Pla.'s Mem. at 4).

As stated above, the court did not strike all of paragraphs 9 and 10. However, because the court did strike the hearsay statements in those paragraphs, and did not address paragraphs 28

and 29 of the supplemental statement, the court hereby AMENDS its November 30 order as follows: MPC's motion to strike is granted with respect to the following statement in paragraph 29 of the supplemental statement: "TNG's stated purpose in adopting the constitutional provision and the model contract language was to prohibit interest arbitration." However, as to the remainder of paragraphs 28 and 29, which are based on the affiant's personal knowledge and not on impermissible hearsay, the motion to strike is DENIED.

    IT IS SO ORDERED.

*/s/ Tu Pham*
TU M. PHAM
United States Magistrate Judge

December 14, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 121 in case 2:04-CV-02620 was distributed by fax, mail, or direct printing on December 15, 2005 to the parties listed.

---

Barbara Camens
BARR & CAMENS
1025 Connecticut Avenue
Suite 712
Washington, DC 20036

L. Michael Zinser
THE ZINSER LAW FIRM
150 Second Ave., N.
Ste. 410
Nashville, TN 37201

Glenn E. Plosa
THE ZINSER LAW FIRM
150 Second Ave.,N.
Ste. 410
Memphis, TN 37201

Samuel Morris
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT